Steven C. Sereboff, Cal. Bar No. 156731
ssereboff@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff C-Suite Media, Inc., a California Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| C-Suite Media, Inc., a California Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>C-Suite Network; C-Suite Holdings, LLC; C-Suite Holdings, Inc.; C-Suite Investor Council, LLC, a South Dakota limited liability company; Jeffrey Hayzlett; an individual; Thomas White, an individual; and Karl Post, an individual,<br><br>    Defendants. | No. 2:17-cv-2102<br><br>Complaint<br><br>Jury Trial Demanded |

Plaintiff C-Suite Media, Inc., ("Plaintiff"), complaining of C-Suite Network; C-Suite Holdings, LLC; C-Suite Holdings Inc; C-Suite Investor Council, LLC; Jeffrey Hayzlett; Thomas White; and Karl Post (jointly and severally, "Defendants"), alleges the following:

**A.  NATURE OF THE ACTION**

This is an action for infringement of Plaintiff's trademark rights and related unfair competition claims against Defendants. Specifically, Defendants have adopted

Plaintiff's well-known and registered C-SUITE ADVISORY trademark and Plaintiff's well-known C-SUITE ADVISOR trademark into their own marks and trade names. Defendants use their infringing marks and trade names to offer services that compete or overlap with the services offered by Plaintiff. Such use is likely to lead to confusion in the marketplace and unlawfully trades off Plaintiff's goodwill and reputation. Defendants' acts amount to trademark infringement and unfair competition and Plaintiff's seeks injunctive relief, damages, treble damages, and its attorney's fees and costs, as well as other relief authorized under federal and state law.

**B.   JURISDICTION AND VENUE**

1. This claim arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. §§ 1114(1), 1119, and 1125(a) and common law.

2. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) because Plaintiff's federal claim arises under the Lanham Act, 15 U.S.C. § 1125(a). This Court has subject matter jurisdiction over Plaintiff's related statutory California claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

3. This Court has personal jurisdiction over Defendants because, among other reasons, their tortious conduct has taken place in the Central District of California.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that, upon information and belief, Defendants are subject to personal jurisdiction in

the Central District of California and/or the wrongful acts committed by Defendants occurred in and are causing injury in the Central District of California.

## C. THE PARTIES

5. Plaintiff C-Suite Media, Inc. is a California corporation having its principal place of business at 21700 Oxnard Street, Suite 700, Woodland Hills, California 91367.

6. Upon information and belief, Defendant C-Suite Network is an entity of unknown form with an address of 4912 S. Technopolis Dr., Sioux Falls, SD 57106.

7. Upon information and belief, Defendant C-Suite Holdings, LLC is a limited liability company of unknown state of formation with an address of 330 7th Avenue, 7th Floor, New York, New York 10001.

8. Upon information and belief, Defendant C-Suite Holdings Inc is corporation of unknown state of formation with an address of 4912 S. Technopolis Dr., Sioux Falls, SD 57106.

9. Upon information and belief, Defendant C-Suite Investor Council, LLC is a South Dakota limited liability company with an address of 4912 S Technopolis Dr., Sioux Falls, SD 57106, whose agent for service of process is Greg Starnes, 300 S Phillips Ave Suite 300, Sioux Falls, SD 57104.

10. Upon information and belief, Defendant Jeffrey Hayzlett is a New York resident with an office address of 330 7th Avenue, 7th Floor, New York, New York 10001 and an email address of JeffreyH@hayzlett.com.

11.     Upon information and belief, Defendant Thomas White is a resident of Wisconsin with an address of E6501 Dach Road, Viroqua, WI 54665 or New York with an address of 330 7th Avenue, 7th Floor, New York, New York 10001, and an email address of thomas.white@c-suitenetwork.com.

12.     Upon information and belief, Defendant Karl Post is a California resident with an address of 263 Colton Street, Newport Beach, CA 92663, and an email address of karlp@hayzlett.com.

13.     Upon information and belief, Defendants Jeffrey Hayzlett, Thomas White and Karl Post (the "Individual Defendants") are the partners, officers and/or owners of the other defendants. The Individual Defendants control the other defendants and are responsible for any misrepresentations about the corporate form or state of formation of the other defendants.

**D.     PLAINTIFF AND ITS TRADEMARK RIGHTS**

14.     Plaintiff is a media company which has developed business and luxury lifestyle brands and a community of billionaires, c-suite executives, entrepreneurs and their best-in-class trusted advisors. Plaintiff connects this community through an integrated media platform including CSQ magazine, private events, and digital directories and publishing.

15.     The target audience of Plaintiff's media business is successful business executives and their companies. This exclusive and difficult to reach audience is prized by the company's advertisers.

16. Plaintiff has registered its C-SUITE QUARTERLY trademark, US Trademark Registration No. 4648960, a true and correct copy of which is attached as <u>Exhibit A</u> to this Complaint.

17. Since at least January 2010, Plaintiff has included in its media offerings content entitled C-SUITE ADVISORY. This content includes articles written by select executive professionals, called C-SUITE ADVISORS, and advertisements of their firms. The C-SUITE ADVISORS and their firms serve and market to the community and audience fostered by Plaintiff.

18. Since adopting the C-SUITE ADVISORY and C-SUITE ADVISOR trademarks, Plaintiff has expended significant resources in the development of its business, goodwill and the reputation associated with them, including spending significant sums on advertising and promotional activities and investing substantial resources in protecting and enforcing its trademark rights in these trademarks.

19. Plaintiff owns the exclusive rights to use the trademark C-SUITE ADVISORY® in connection with advertising, marketing and promotion services (the "C-SUITE ADVISORY® Trademark") throughout the United States as evidenced by its federal trademark registration no. 4944474 (the "'474 Registration"), a true and correct copy of which is attached as <u>Exhibit B</u> to this Complaint.

20. Plaintiff's' '474 Registration for C-SUITE ADVISORY is prima facie evidence of Plaintiff's exclusive right to use its registered mark in commerce.

21. Plaintiff also enjoys common law rights in its C-SUITE ADVISORY and C-SUITE ADVISOR trademarks by virtue of its use of these trademarks in interstate commerce with a variety of goods and services related to advertising, marketing and promotion services. Plaintiff's C-SUITE ADVISORY and C-SUITE ADVISOR trademarks are valid, subsisting, distinctive and exclusively owned by Plaintiff.

22. As a result of Plaintiff's extensive promotional efforts and long use of its trademarks, C-SUITE ADVISORY and C-SUITE ADVISOR have become uniquely identified with Plaintiff in the minds of consumers and have come to signify the high quality of services offered by Plaintiff. Accordingly, Plaintiff has acquired invaluable goodwill in its C-SUITE ADVISORY and C-SUITE ADVISOR trademarks and these trademarks have become well-known and recognizable to the public.

**E.  DEFENDANTS' INFRINGING ACTIVITIES AND ACTS OF UNFAIR COMPETITION**

23. Despite Plaintiff's prior rights in and to the C-SUITE ADVISORY and C-SUITE ADVISOR trademarks, on information and belief, Defendants commenced business using the name and identical mark "C-SUITE ADVISOR" and "C-SUITE NETWORK" in or around 2016, long after Plaintiff acquired exclusive rights in the C-SUITE ADVISORY and C-SUITE ADVISOR trademarks.

24. Like Plaintiff's C-SUITE ADVISORY and C-SUITE ADVISOR branded offerings, on information and belief, Defendants' products and services, among other things, are used for advertising, marketing and promotion services.

25. Defendants offer and promote their products and services under the C-SUITE AD-VISOR and C-SUITE NETWORK marks throughout the United States, including in California, and through websites including c-suiteadvisors.com.

26. Amongst their infringing acts, on information and belief Defendants have engaged executive professionals to be C-SUITE ADVISORS. On information and belief, Defendants promote the business of these executive professionals to businesses and business executives. On information and belief Defendants' C-SUITE ADVISORS constitute consumers of Defendants' services, and the target market of each of Defendants' C-SUITE ADVISORS is the target market for Defendants' services promoting their C-SUITE ADVISORS.

27. On information and belief, Defendants' C-SUITE ADVISORS include people in this District, including Dwight W. Holcomb and Juliet Funt. Others identified on the c-suiteadvisors.com website as C-SUITE ADVISORS include Erika Andersen, Sheila Anderson, Beth Banks-Cohn, Jarod Cerf, Tony Chatman, Sylvie Di Giusto, Holly Duckworth, Lou Diamond, Diane DiResta, Dan Elliott, Steve Farber, Colleen Francis, Evan Hackel, Shep Hyken, Kelly Hatfield, Stacey Hanke, Wally Hauck, Patricia Iyer, Dr. Karen Jacobson, Maribeth Kuzmeski, PhD, Dave Kurlan, Steve Miller, Mike Moran, Lisa Nirell, Adrian C. Ott, Gustavo Oviedo, Meridith Powell, Connie Pheiff, Stan Phelps, Mike Robertson, Marcia Reynolds, Sharon Smith, Colin Shaw, Dina Simon, Yitzchok Saftlas, Julie Ann Sullivan, Jeanne M. Stafford, Bill Sanders, Stephen

Shapiro, Stephen Sapato, Eddie Turner, Dan Veitkus, Chris Westfall, Todd Williams, and Marty Wolff.

28. Because Defendants have adopted the identical C-SUITE ADVISOR mark and the confusingly similar C-SUITE NETWORK mark, and because Defendants' offerings are related to and/or overlap with those offered by Plaintiff under its C-SUITE ADVISORY and C-SUITE ADVISOR trademarks, prospective purchases and others are likely to be confused as to whether the products or services offered under Defendants' mark emanate from or are in some way affiliated with, sponsored, or approved by Plaintiff.

### FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement) [15 U.S.C. §1114]

29. Plaintiff incorporates all prior allegations as if set forth fully herein.

30. This is a claim for infringement of the federally registered C-SUITE ADVISORY trademark, arising under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

31. Plaintiff is the exclusive owner of a federally registered trademark for the C-SUITE ADVISORY trademark and, accordingly, has express authority to act to prevent actual or threatened infringement of its trademark.

32. Plaintiff has given notice to the public of its C-SUITE ADVISORY trademark registration under 15 U.S.C. § 1111. Such registration is in full force and effect.

33. Continually, for a long time prior to the acts of the Defendants complained of herein, Plaintiff has offered its goods and services under the well-known C-SUITE ADVISORY trademark and C-SUITE ADVISOR trademark. These goods and services have been and are now extensively advertised throughout the United States.

34. Continually, for a long time prior to the acts of the Defendants complained of herein, Plaintiff has been and is now marketing and offering its goods and services bearing the C-SUITE ADVISORY trademark and C-SUITE ADVISOR trademark in the state of California and elsewhere in interstate commerce. Through Plaintiff's extensive offering of its goods, the public has come to recognize Plaintiff's goods as being of excellent quality and reputation.

35. Plaintiff's advertising and promotional activities involving goods offered under the C-SUITE ADVISORY trademark and C-SUITE ADVISOR trademark have been continuous and have been for acquainting the public with the excellent quality of Plaintiff's goods and services so that consumers may, with knowledge and confidence, purchase and use goods and services bearing the C-SUITE ADVISORY trademark and C-SUITE ADVISOR trademark. As a result, the goods and services offered under the C-SUITE ADVISORY trademark and C-SUITE ADVISOR trademark are well-known, and the C-SUITE ADVISORY trademark and C-SUITE ADVISOR trademark have come to be and are recognized by the public as indicating that the goods and services bearing the C-SUITE ADVISORY trademark and C-SUITE ADVISOR trademark originate with Plaintiff.

36. By reason of their high quality and as a result of Plaintiff's continued and extensive sales, advertising and promotion, the goods and services offered under the C-SUITE ADVISORY trademark and C-SUITE ADVISOR trademark enjoy an excellent reputation among the public. The '474 registration, and all associated goodwill which have accrued to the C-SUITE ADVISORY trademark and C-SUITE ADVISOR trademark, are of great value to Plaintiff in the conduct of its business.

37. Defendants, with full knowledge of the distinctiveness and public recognition of the C-SUITE ADVISORY trademark and C-SUITE ADVISOR trademark, is promoting and offering goods and services to the public under the marks C-SUITE ADVISOR and C-SUITE NETWORK, and such goods and services are related to and/or confusingly similar to Plaintiff's products and services. Plaintiff has never authorized or consented in any way to the use of its trademarks for any of Defendants' goods or services, nor has Plaintiff granted any license to Defendants allowing such use.

38. Defendants' conduct is intentionally fraudulent, malicious, willful and wanton.

39. Defendants' conduct is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation, and will continue both to damage Plaintiff and to deceive the public unless preliminarily and permanently enjoined by this Court. Plaintiff has no adequate remedy at law.

40. Defendants' use of C-SUITE ADVISOR and C-SUITE NETWORK in connection with their goods and services infringes Plaintiff's exclusive rights in its federally registered trademark, is likely to cause, and has caused, confusion, mistake or deception, and

constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

### SECOND CLAIM FOR RELIEF
**(Federal Unfair Competition-False Designations of Origin, False Descriptions and Representations)**
**[15 U.S.C. § 1125(a)]**

41. Plaintiff incorporates all prior allegations as if set forth fully herein.

42. Plaintiff's use and ownership of the C-SUITE ADVISORY and C-SUITE ADVISOR trademarks predates any use of any mark or trade name that includes or is comprised of the word "C-SUITE" by Defendants.

43. Defendants' use of "C-SUITE ADVISOR" and "C-SUITE NETWORK" is use of a mark and trade name identical and/or confusingly similar to the C-SUITE ADVISORY and C-SUITE ADVISOR trademarks owned by Plaintiff and as such, is confusing and misleading to the purchasing public.

44. The unauthorized use of the C-SUITE ADVISORY and C-SUITE ADVISOR trademarks in connection with the goods and services offered by Defendants constitutes a false designation of origin and false description or representation that wrongly and falsely designates the services offered by Defendants as originating from, connected with, sponsored or authorized by Plaintiff.

45. Defendants' acts as described in this Complaint constitute a false designation of origin and false description within the meaning of 15 U.S.C. § 1125(a). Plaintiff has been damaged and will continue to be damaged by Defendants' acts.

46. Plaintiff is without an adequate remedy at law and is entitled to a permanent injunctive relief.

### THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

47. Plaintiff incorporates all prior allegations as if set forth fully herein.

48. Defendants' conduct as described above constitutes trademark infringement and passing off in violation of the common law of California.

49. Defendants' conduct as described above has caused and will continue to cause irreparable injury to Plaintiff, and unless said acts are restrained by this Court, such conduct will be continued and Plaintiff will continue to suffer irreparable injury.

50. Plaintiff has no adequate remedy at law.

51. Defendants' conduct described above has harmed Plaintiff's reputation and has caused damages to the Plaintiff in an amount to be determined.

52. Defendants' conduct described above has unlawfully enriched and benefited Plaintiff in an amount to be determined.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully asks that this Court:

1. Grant a preliminary and permanent injunction enjoining and restraining Defendants, including their officers, directors, employees, agents, servants, successors and assigns, as well as all those in active concert and participation with it, from:

A. substantially imitating, copying, counterfeiting, or making unauthorized use of the C-SUITE ADVISORY and C-SUITE ADVISOR trademarks, including but not limited to use of the marks C-SUITE ADVISOR and C-SUITE NETWORK.

B. using any false description or designation of origin or representation (including, without limitation, any letters, words, symbols, or other text) which can, or is likely to lead the trade or public, or individual members thereof, to believe that any good or service advertised or offered by Defendants is in any manner associated or connected with Plaintiff or is associated, licensed, sponsored, or approved by Plaintiff;

C. engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of Plaintiff's name and the C-SUITE ADVISORY and C-SUITE ADVISOR trademarks;

D. engaging in any other activity constituting an infringement of the C-SUITE ADVISORY and C-SUITE ADVISOR trademarks or Plaintiff's rights in or right to exploit the same;

E. engaging in further acts of unfair competition arising from the Defendants' unlawful and improper adoption and use of C-SUITE NETWORK and C-SUITE ADVISOR trademarks;

F. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, acquiring, distributing, circulating, selling,

marketing, offering for sale, advertising, promoting, renting or displaying of unauthorized products or services which infringe the C-SUITE ADVISORY and C-SUITE ADVISOR trademarks;

 G. causing an infringement of any of Plaintiff's C-SUITE ADVISORY and C-SUITE ADVISOR trademarks or of Plaintiff's rights to use or to exploit these trademarks, or causing any dilution of Plaintiff's name, reputation or goodwill; and

 H. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (A) through (G), above.

2. Enter an order:

 A. Finding that the Defendants have infringed the C-SUITE ADVISORY and C-SUITE ADVISOR trademarks by the acts complained of herein;

 B. Finding that the Defendants have unfairly competed with Plaintiff by the acts complained of herein;

 C. Directing that all infringing and misleading materials in Defendants' possession, including but not limited to all signage, labels, mailings, circulars and advertisements, be delivered to an officer of the Court to be destroyed pursuant to 15 U.S.C. § 1118;

 D. Requiring that the Defendants' within thirty days after service of notice of the entry of judgment, or an injunction pursuant thereto, file with the Court and serve on

Plaintiff's counsel a written report under oath setting forth in detail the manner in which the Defendants have complied with the Court's order;

E. Awarding Plaintiff damages for the harm caused to its reputation and goodwill, and for Defendants' profits gained as a result of Defendants' wrongful actions, in an amount to be determined at trial;

F. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and investigators' fees in accordance with 15 U.S.C. § 1117;

G. Holding each and every Defendant jointly and severally liable; and

H. Awarding to Plaintiff such other and further relief as this Court may deem just and proper, together with the costs and disbursements which Plaintiff has incurred in connection with this action.

Respectfully submitted,

March 16, 2017                    s/ *Steven C. Sereboff*
                                  Steven C. Sereboff
                                  SoCal IP Law Group LLP

                                  Attorneys for Plaintiff C-Suite Media,
                                  Inc., a California Corporation

Plaintiff demands a trial by jury as to all issues so triable.

March 16, 2017                    s/ *Steven C. Sereboff*
                                  Steven C. Sereboff
                                  SoCal IP Law Group LLP

                                  Attorneys for Plaintiff C-Suite Media,
                                  Inc., a California Corporation